UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FAIBER LEONARDO LEAL GUZMAN,

        Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

        Respondents.
_____/

Case No. 1:25-cv-1531

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on November 22, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.7-8.)

In an Order entered on November 25, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No.3.) Respondents filed their response on December 1, 2025 (ECF No. 4), and Petitioner filed his reply on December 4, 2025 (ECF No. 5).

**II.     Factual Background**

Respondents state that Petitioner is a native and citizen of Columbia. (Resp., ECF No. 4, PageID.23; Hoppe Decl. ¶ 4, ECF No. 4-1, PageID.46; Ord. Mot. Pretermit, ECF No. 4-2, PageID.52.) However, Petitioner asserts that he is a citizen of Venezuela. (Pet., ECF No. 1, PageID.4.) In the decision of the immigration judge on the motion to pretermit (ECF No. 4-2), the judge noted that Petitioner's assertion that there were factual disputes regarding his nationality, manner of entry, and procedural history were unsuccessful because Petitioner had failed to delineate the factual disputes and had conceded to the factual allegations regarding his nationality in the NTA (Notice to Appear). (*Id.*, PageID.55.) The immigration judge concluded that the record demonstrated that Petitioner was a citizen and national of Columbia. (*Id.*)

Petitioner has resided in the United States since February 2022. (Pet., ECF No. 1, PageID.4; Resp., ECF No. 4, PageID.23; Hoppe Decl. ¶¶ 3–4; ECF No. 4-1, PageID.46.) United States Border Patrol agents arrested Petitioner near San Luiz, Arizona, on February 27, 2022, and Petitioner was issued a Notice of Intent (NTA) charging him with inadmissibility under section 212(a)(6)(A)(i) of the INA. (Hoppe Decl. ¶¶ 5–6; ECF No. 4-1, PageID.47.)

On March 12, 2023, Petitioner submitted a Form I-589 Application for Asylum and Withholding of Removal to the Immigration Court in Chicago. ((*Id*. ¶ 10.) On January 11, 2024, Petitioner appeared in the Chicago Immigration Court with his attorney and admitted the allegations in the NTA were true and conceded that he was removable. (*Id*. ¶ 11, PageID.47–48.) Columbia was designated as the country of removal. (*Id*. ¶ 11, PageID.47–48.)

On September 21, 2025, Enforcement and Removal Operations (ERO) encountered Petitioner near Chesterton, Indiana, and arrested him. (*Id.* ¶ 7, PageID.47.) On October 16, 2025, an immigration judge in the Detroit Immigration Court denied Petitioner's request to be released on a bond based, stating that he lacked jurisdiction. (*Id.* ¶ 12, PageID.48.)

On November 4, 2025, Department of Homeland Security (DHS) filed a Motion to Pretermit Petitioner's I-589, stating that Petitioner was barred from applying for protection in the United States because he was subject to the Asylum Cooperative Agreement with Honduras. (*Id.* ¶ 13.) Petitioner's attorney filed a response to the motion on November 6, 2025 (*Id.* ¶ 14), and on November 12, 2025, Petitioner appeared in the Detroit Immigration Court and failed to "inform the immigration judge whether [Petitioner] feared removal to Honduras." (*Id.* ¶ 15.) Petitioner was given two weeks to file any documents related to the proposed removal to Honduras. (*Id.*)

On November 24, 2025, the immigration judge issued a written decision finding that Petitioner is subject to the Asylum Cooperative Agreement and ordering Petitioner to be removed to Honduras. (*Id.* ¶ 16, PageID.49; ECF No. 4-2, PageID.52–56.) Petitioner was given until December 24, 2025 to appeal the decision with the Board of Immigration Appeals. (Hoppe Decl., ECF No. 4-1 ¶¶ 16, PageID.49.) However, because Petitioner has appealed the removal decision, no final order exists, and Petitioner's detention remains pre-removal. (*Id.* ¶ 17; Reply, ECF No. 5, PageID.63.)

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

IV.     **Exhaustion**

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not appealed the denial of bond to the Board of Immigration Appeals (BIA). (Resp., ECF No. 4 PageID.24.)

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

V.      **Merits Discussion**

   A.      **Statutory Basis for Petitioner's Detention**

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the

4

following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, is scheduled to attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for only a short period time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss DHS, North Lake Processing Center Warden, ICE Director Lyons, and the Attorney General of the United States as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment or, in the alternative,

6

immediately release Petitioner from custody.[1] The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security (DHS), the North Lake Processing Center Warden, the Director of Immigration and Customs Enforcement (ICE), and the Attorney General of the United States as Respondents.

Dated:    December 18, 2025                    /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge

---

[1] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.